**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

THOMAS E. ROBERTSON,

    Plaintiff,

v.                                          CASE NO. 07-CV-12623

COMMISSIONER OF               DISTRICT JUDGE AVERN COHN
SOCIAL SECURITY,                MAGISTRATE JUDGE CHARLES BINDER

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**[1]

## I.    RECOMMENDATION

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED**, Defendant's Motion for Summary Judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), the recently amended provisions of Fed. R. Civ. P. 5.2(c)(2)(B), E.D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation only addresses the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

## II. REPORT

### A. Introduction and Procedural History

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case has been referred to this Magistrate Judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for a period of disability and disability insurance benefits. This matter is currently before the Court on cross motions for summary judgment. (Dkts. 9, 14.)

Plaintiff was 43 years of age at the time of the most recent administrative hearing. (Tr. at 396.) Plaintiff's relevant employment history included 14 years of work, primarily as a general laborer and fork lift driver. (Tr. at 90.) Plaintiff filed the instant claim on December 13, 2002, alleging that he became unable to work on September 18, 2001. (Tr. at 48-51.) The claim was denied initially. (Tr. at 33-39.) In denying Plaintiff's claims, the Defendant Commissioner considered disorders of the back as the primary basis of disability. (*Id.*)

Plaintiff requested a hearing and on March 9, 2005, Plaintiff appeared with counsel before Administrative Law Judge ("ALJ") Patricia Hartman, who considered the case *de novo*. In a decision dated July 6, 2005, the ALJ found that Plaintiff was not disabled. (Tr. at 240-52.) Plaintiff requested a review of this decision (Tr. at 256), and on April 19, 2006, the Appeals Council remanded the case for further proceedings. (Tr. at 260-67.) After a second hearing, on February 20, 2007, ALJ Hartman again found Plaintiff not disabled. (Tr. at 12-23.) Plaintiff again requested review (Tr. at 9-11), and on May 18, 2007, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. (Tr. at 6-8.) On June 20, 2007, Plaintiff timely filed this *pro se* suit seeking judicial review of the Commissioner's unfavorable decision.

### B. Standard of Review

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner's decision employed the proper legal standards. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). The Commissioner is charged with finding the facts relevant to an application for disability benefits. A federal court "may not try the case *de novo*[.]" *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

If supported by substantial evidence, the Commissioner's decision is conclusive, regardless of whether the court would resolve disputed issues of fact differently, *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990), and even if substantial evidence would also have supported a finding other than that made by the ALJ. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). The scope of the court's review is limited to an examination of the record only. *Brainard,* 889 F.2d at 681. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 681 (citing *Consolidated Edison Co. v. NLFB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 2d 126 (1938)). The substantial evidence standard "'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference from the courts.'" *Mullen*, 800 F.2d at 545 (quoting *Baker v. Heckler*, 730 F.2d 1147, 1149 (8th Cir. 1984)) (affirming the ALJ's decision to deny benefits because, despite ambiguity in the record, substantial evidence supported the ALJ's conclusion).

The administrative law judge, upon whom the Commissioner and the reviewing court rely for fact finding, need not respond in his or her decision to every item raised, but need only write to support his or her decision. *Newton v. Sec'y of Health & Human Servs.*, No. 91-6474, 1992 WL 162557 (6th Cir. July 13, 1992). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Anderson v. Bowen*, 868 F.2d 921, 924 (7th Cir. 1989) ("a written evaluation of every piece of testimony and submitted evidence is not required"); *Walker v. Bowen*, 834 F.2d 635, 643 (7th Cir. 1987) (ALJ need only articulate his rationale sufficiently to allow meaningful review). Significantly, under this standard, a reviewing court is not to resolve conflicts in the evidence and may not decide questions of credibility. *Garner,* 745 F.2d at 387-88.

**C.     Governing Law**

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination which can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen*, 800 F.2d at 537.

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). "[B]enefits are available only to those individuals who can establish 'disability' within the terms of the Social Security Act." *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, benefits are denied without further analysis.
>
> Step Three: If the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled without further analysis.
>
> Step Four: If the claimant is able to perform his or her previous work, benefits are denied without further analysis.
>
> Step Five: If the claimant is able to perform other work in the national economy, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Garcia v. Sec'y of Health & Human Servs.*, 46 F.3d 552, 554 n.2 (6th Cir. 1995); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990); *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 687-88 (6th Cir. 1985). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Preslar*, 14 F.3d at 1110. "If the

analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [Commissioner]." *Id.* "Step five requires the [Commissioner] to show that the claimant is able to do other work available in the national economy. . . ." *Id.*

### D. Administrative Record

A review of the medical evidence contained in the administrative record and presented to the ALJ indicates that Plaintiff was seen in 2000 and 2001 by Dr. Vorenkamp. (Tr. at 111-18.) In December 2001, Plaintiff was seen at the Memorial Healthcare Center emergency room. (Tr. at 119-25.) Plaintiff was also seen by Dr. Purdy (Tr. at 126-48, 228-33), Dr. Whelan (Tr. at 149-611), and Dr. Davis. (Tr. at 166-87, 219-22.) In May 2002, Dr. Davis performed carpel tunnel release surgery on Plaintiff's right wrist, as well as cortisone injections to both elbows. (Tr. at 163-65.)

### E. ALJ Findings

In her most recent decision, the ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since September 18, 2001. (Tr. at 17.) At step two, the ALJ found that Plaintiff's herniated disc, tendonitis and carpal tunnel syndrome were "severe" within the meaning of the second sequential step. (*Id.*) At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Tr. at 19.) At step four, the ALJ found that Plaintiff could not perform any of his previous work. (Tr. at 22.) At step five, the ALJ denied Plaintiff benefits because, using the Commissioner's grid rules as a guide, Plaintiff could perform a significant number of jobs available in the national economy. (Tr. at 22-23.)

### F. Analysis and Conclusions

#### 1. Legal Standards

The ALJ determined that Plaintiff possessed the residual functional capacity to return to a limited range of light work. (Tr. at 19.)

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

After review of the record, I suggest that the ALJ utilized the proper legal standard in his application of the Commissioner's five-step disability analysis to Plaintiff's claim. I turn next to the consideration of whether or not substantial evidence supports the ALJ's decision.

### 2. Substantial Evidence

Plaintiff argues that substantial evidence fails to support the findings of the Commissioner. In this circuit, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker,* 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Mullen,* 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

The record indicates that shortly after Plaintiff's carpal tunnel surgery and elbow injections, Dr. Davis reported that Plaintiff was doing well, that his elbows felt good and that previous numbness and tingling had significantly improved. (Tr. at 172-73, 177.) Two months after the surgery, Dr. Davis found that Plaintiff still had good motion and that his carpal tunnel symptoms

were improving. (Tr. at 170.) The next month, Dr. Davis released Plaintiff to work with restrictions. (Tr. at 169.)

After an MRI showed cervical disc herniations (Tr. at 183-84), Dr. Davis referred Plaintiff to Dr. Flood who, after initially treating Plaintiff with cervical epidural steroid injections, referred Plaintiff for a functional capacity evaluation ("FCE"). (Tr. at 205.) One month later, Dr. Flood noted that Plaintiff had failed to follow his instructions for arranging the FCE. (Tr. at 203.) The doctor stated, "clearly I do believe that there is some work that he can do and I do not feel that he is totally disabled[.]" (*Id.*) Thereafter, Plaintiff attended the evaluation, but terminated it prematurely before completing the prescribed exercises. (Tr. at 190-200.) As a result, Dr. Flood noted that the FCE examiners were unable to establish either work restrictions or Plaintiff's physical capabilities. (Tr. at 190, 201.) Dr. Flood reported that although Plaintiff exhibited shoulder muscle tenderness, there was good cervical range of motion and no appreciable spasming. (Tr. at 201.) The doctor concluded that he had nothing further to offer Plaintiff. (*Id.*) An examination conducted by Dr. Bur at the request of another physician revealed tenderness over the cervical spine but also found equal reflexes, no sensory or motor loss, and equal grip strength. (Tr. at 235.)

I suggest that although there is evidence in the record to the contrary (Tr. at 167, 183-84), the evidence summarized above is nonetheless substantial evidence supporting the ALJ's findings. I note first that Plaintiff never fully complied with Dr. Flood's instructions to undertake an FCE. In this circuit, it is well-settled that "[a]n impairment that can be remedied by treatment will not serve as a basis for a finding of disability." *Henry v. Gardner*, 381 F.2d 191, 195 (6th Cir. 1967). The Commissioner's regulations provide for a denial of benefits where a claimant fails to follow prescribed treatment. *Young v. Califano*, 633, F.2d 469, 472-73 (6th Cir. 1980). As a result of

8

Plaintiff's failure to fully comply, the record shows that neither Dr. Flood nor the FCE examiner were able to determine Plaintiff's physical capabilities or suggest appropriate limitations. I therefore suggest that Plaintiff's actions serve as an independent basis for the ALJ's denial of benefits. Moreover, the activities described by Plaintiff during mental health counseling (Tr. at 334-36) are, I suggest, inconsistent with the Commissioner's definition of disability.

The ALJ's findings also follow the opinions of the vocational expert which came in response to proper hypothetical questions that were appropriately consistent with the objective medical findings contained in the medical records available to the ALJ, and in particular, the findings and assessments of Drs. Flood, Bur and Purdy. (Tr. at 201, 229, 235, 238-39.) *See Sias v. Sec'y of Health & Human Servs.*, 861 F.2d 475, 481 (6th Cir. 1988); *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927-28 (6th Cir. 1987); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

As to Plaintiff's claims of disabling mental impairments, the evidence in this case falls considerably short of that found sufficient in this Circuit to uphold a finding of disability. *See Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1068 (6th Cir. 1992); *Lankford v. Sullivan*, 942 F.2d 301 (6th Cir. 1991); *Cornette v. Sec'y of Health & Human Servs.*, 869 F.2d 260 (6th Cir. 1988). I suggest, instead, that the administrative record in this case is much more consistent with those cases in this Circuit finding that a plaintiff's allegations of disabling mental impairments failed to justify the award of benefits. *See Hogg v. Sullivan*, 987 F.2d 328, 333 (6th Cir. 1992); *Vaughn v. Sec'y of Health & Human Servs.*, No. 89-2259, 1990 WL 120967 (6th Cir. Mich. August 21, 1990); *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 150 (6th Cir. 1990); *Foster v. Bowen*, 853 F.2d 483, 491 (6th Cir. 1988). In April 2002, Plaintiff reported to Dr. Purdy that his mood was much improved and Dr. Purdy stated that Plaintiff's psychological

condition was well-controlled with medication. (Tr. at 232-33.) Four years later, a counselor noted that Plaintiff himself was unsure what symptoms of depression he had. (Tr. at 362.) After three weeks of counseling, Plaintiff reported much improved activity and the lessening of symptoms. (Tr. at 334-36.) In addition, there is in this record no indication that mental impairments rendered Plaintiff with "no useful ability to follow work rules, deal with the public, interact with supervisors, cope with work stress or relate predictably in social situations[,]" as was the case in *Walker*, 980 F.2d at 1068.

After review of the record, I conclude that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way without interference from the courts," *Mullen*, 800 F.2d at 545, as the decision is supported by substantial evidence.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                                  s/ *Charles E. Binder*
                                                  CHARLES E. BINDER
Dated: April 24, 2008                      United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Janet Parker and the Commissioner of Social Security, and served on Thomas Robertson by first class mail, and on District Judge Cohn in the traditional manner.

Date: April 24, 2008             By     s/Patricia T. Morris
                                       Law Clerk to Magistrate Judge Binder